GIBBS, Appellant, vs. SEIBT and others, Respondents.

*February 5—May 29, 1903.*

*Appeal and error: Affirmance or reversal: Divided court.*

Where the supreme court is equally divided, the judgment of the trial court is affirmed.

APPEAL from a judgment of the circuit court for Portage county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Cate, Lamoreux & Park,* and oral argument by *A. L. Sanborn.* They contended, *inter alia,* that the promise of the plaintiff that he would not enforce the judgment that he had purchased by a sale of the premises was not void for want of consideration. 3 Pomeroy, Eq. Jur. § 1235; 1 Beach, Eq. Jur. § 291; *Pinch v. Anthony,* 8 Allen, 536; *Ketchum v. St. Louis,* 101 U. S. 306, 317; *Phelan v. Fitzpatrick,* 84 Wis. 240; *Buchan v. Sumner,* 2 Barb. Ch. 165, 194; *Fletcher v. Morey,* 2 Story, 555, 566; *Paine v. Wilcox,* 16 Wis. 202–214; *Daniels v. Lewis,* 16 Wis. 140; *Cutler v. Babcock,* 81 Wis. 203; *Seaman v. Ascherman,* 51 Wis. 678; Clark, Contracts, 76–78, 180; *Spear v. Evans,* 51 Wis. 42; *Sweet v. Mitchell,* 15 Wis. 641; *Spencer v. Fredendall,* 15 Wis. 666; *Starks v. Redfield,* 52 Wis. 349; *Farwell v. Wilmarth,* 65 Wis. 162; *Cumps v. Kiyo,* 104 Wis. 662; *Chapin v. Merrill,* 4 Wend. 657; *Young v. French,* 35 Wis. 111; *Hewitt v. Currier,* 63 Wis. 386; *Lent v. Padelford,* 10 Mass. 230; 1 Pingree, Mortgages, § 520; 1 Jones, Mortgages, § 610; 1 Beach, Contracts, § 170; *Lipsmeier v. Vehslage,* 29 Fed. 175; *Fraser v. Backus,* 62 Mich. 540, 29 N. W. 92; *Marshall v. Old,* 14 Colo. App. 32, 59 Pac. 217; *Maxwell v. Graves,* 59 Iowa, 613, 13 N. W. 758; *Cleveland v. Farley,* 9 Cow. 639; *Farley v. Cleveland,* 4 Cow. 432; *Calkins v. Chandler,* 36 Mich. 320; *Minneapolis L. Co. v. McMillan,* 79 Minn. 287, 82 N. W. 591; 3 Am. & Eng. Ency. of Law (2d ed.) 836; 1 Randolph, Commercial Paper, § 491; *Mygatt v. Tarbell,* 78 Wis. 351, 85 Wis. 465, 466. The plaintiff had, at all times after he purchased the judgment, the clear right to enforce the same, and his parol agreement not to enforce the same made no difference and constituted an equitable mortgage. *Boorman v. Wis. R. E. Co.* 36 Wis. 207; *Hoyt v. Fass,* 64 Wis. 273; 13 Am. & Eng. Ency. of Law, 679, note 1; *Spear v. Evans,* 51 Wis. 44; 2 Jones, Mortgages, § 1888; *Jarvis v. Dutcher,* 16 Wis. 307.

Plaintiff's right of action had never been barred by the statute of limitation. *Waldo v. Rice,* 14 Wis. 286; *Spear v. Evans,* 51 Wis. 42; *Carson v. Cochran,* 52 Minn. 67, 53 N. W. 1030; Wiltsie, Mortgages, §§ 58, 62, 72, 410; 2 Freeman, Judgments, § 434; sec. 2916, Stats. 1898; *Lane v. Salter,* 51 N. Y. 1; *Boorman v. Wis. R. E. Co.* 36 Wis. 207; *Hoyt v. Foss,* 64 Wis. 273.

For the respondents the cause was submitted on the brief of *Brennan & Cornelius.* They contended, *inter alia,* that the promise of the plaintiff that he would not enforce the judgment by sale of the premises in question, was void for want of consideration, and that the plaintiff had at all times a clear right to enforce the same. 6 Am. & Eng. Ency. of Law (2d ed.) 752–754; *Deacon v. Gridley,* 15 C. B. 295; *Farmington v. Bullard,* 40 Barb. 512; *Austin R. E. & A. Co. v. Bahn,* 87 Tex. 582; *Russell v. Buck,* 11 Vt. 166; *Parmelee v. Thompson,* 45 N. Y. 58.

The following opinion was filed March 21, 1903:

CASSODAY, C. J. It appears from the record that February 9, 1875, the defendants, *Henry Seibt* and wife, gave to the plaintiff a note and mortgage on the premises described for $315. February 14, 1876, the plaintiff transferred the same to Olive A. Crosby. Mrs. Crosby foreclosed the note and mortgage, and April 11, 1878, obtained a judgment of foreclosure and sale thereon. December 6, 1879, the plaintiff, at the request of the mortgagor, purchased the judgment, with the understanding and agreement that the mortgagor should have further and reasonable time to pay the same. The mortgagor paid thereon from time to time $385.45, including $69.85 paid as principal thereon March 24, 1882. The last two payments of interest were made in 1900.

This is an action to foreclose the judgment and the parol agreement as an equitable mortgage. A demurrer *ore tenus* was sustained, and judgment was thereupon rendered dis-

missing the action. Mr. Justice WINSLOW and Mr. Justice DODGE think the judgment should be affirmed. Mr. Justice MARSHALL and I think it should be reversed.

*By the Court.*—The court being equally divided, the judgment of the circuit court is necessarily affirmed.

The appellant moved for rehearing.

*Cate, Lamoreux & Park,* attorneys, and *A. L. Sanborn,* of counsel, for the motion.

*Brennan & Cornelius, contra.*

The motion was denied May 29, 1903.

